UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FREDDIE KNIGHT,

                                 DECISION & ORDER

                        Plaintiff,

                                 21-CV-6633EAW

             v.

DEPARTMENT OF CORRECTION
and COMMUNITY SERVICES,

                        Defendant.
_____

On October 13, 2021, plaintiff Freddie Knight ("plaintiff") asserting claims pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12132, and the Rehabilitation Act of 1973, 29 U.S.C. § 794, against the New York State Department of Corrections and Community Supervision ("DOCCS") pursuant to 42 U.S.C. § 1983, alleging that DOCCS was deliberately indifferent to his medical needs.  (Docket ## 1, 10, 13).  Currently before this Court is plaintiff's request for appointment of counsel.  (Docket # 24).  In his submission, plaintiff states that he is legally blind and that he requires legal assistance to litigate his claims.  (*Id.*).

It is well-settled that there is no constitutional right to appointed counsel in civil cases.  Although the court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

        1.      Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Having reviewed the facts presented herein in light of the factors required by law and pursuant to the standards promulgated by *Hendricks v. Coughlin*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, I conclude that appointment of counsel to assist plaintiff with the prosecution of his claims is justified by the circumstances of this case.

Accordingly, plaintiff's request for appointment of counsel **(Docket # 24)** is **GRANTED**. This is a "full-scope appointment" pursuant to Rule 83.8(a)(1) of the Local Rules of Civil Procedure, and "the appointed attorney shall represent [plaintiff] in the action until a final judgment is entered (or some other order is entered terminating the action)." *See* Local

Rule of Civil Procedure 83.8(e)(1).  The Court hereby directs that the Pro Bono Program Administrator begin the process for appointment of pro bono counsel.

**IT IS SO ORDERED.**

_s/Marian W. Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated:  Rochester, New York
       November 28, 2023